# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTOR PARRA,<br><br>    Petitioner,<br><br>vs.<br><br>JAMES TILTON, Warden,<br><br>    Respondent. | Civil No.   08-0472-J(LSP)<br><br>**NOTICE REGARDING POSSIBLE DISMISSAL OF PETITION FOR FAILURE TO EXHAUST STATE COURT REMEDIES** |

Petitioner, a state prisoner proceeding pro se, has filed a petition for writ of habeas corpus under 28 U.S.C. § 2254. Petitioner has not exhausted claim 1, the only claim asserted in the petition. Having preliminarily determined the petition contains an unexhausted claim, the Court notifies Petitioner of the possible dismissal of his petition.

The exhaustion requirement is satisfied by providing the state courts with a "fair opportunity" to rule on Petitioner's constitutional claims. Anderson v. Harless, 459 U.S. 4, 6 (1982). In most instances, a claim is exhausted once it is presented to a state's highest court, either on direct appeal or through state collateral proceedings.[1] See Sandgathe v. Maass, 314

---

[1] 28 U.S.C. § 2254 (b)(1)-(2) states:
  (b) (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that -
    (A) the applicant has exhausted the remedies available in the courts of the State; or
    (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
  (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure to the applicant to exhaust the remedies available in the courts of the State.

1  F.3d 371, 376 (9th Cir. 2002). The constitutional claim raised in the federal proceedings must
2  be the same as that raised in the state proceedings. See id.
3       Here, Petitioner contends that pursuant to Cunningham v. California __ U.S. __, 127 S.Ct.
4  856 (2007), his constitutional right to have a jury determine beyond a reasonable doubt all of the
5  facts legally essential to his sentence was violated because the trial court imposed the upper term
6  for his battery conviction. The Supreme Court's decision in Cunningham casts Petitioner's claim
7  in a significantly different light. In fact, the California Supreme Court's December 20, 2006
8  denial of Petitioner's Petition for Review states, "Petition for review denied without prejudice
9  to any relief to which defendant might be entitled after the United States Supreme Court
10 determines Cunningham v. California..., the effect of Blakely v. Washington 542 U.S. 296, and
11 United States v. Booker (2005)543 U.S. 220, on California Law." Cunningham was decided on
12 January 22, 2007.
13 **PETITIONER'S OPTIONS**
14      To avoid the Court dismissing the petition on its own accord, Petitioner may choose one
15 of the following options.
16      **i) First Option: Demonstrate Exhaustion**
17      Petitioner may file further papers with this Court to demonstrate that he has in fact
18 exhausted the claim the Court has determined is likely unexhausted. If Petitioner chooses this
19 option, his papers are due no later than June 2, 2008. Respondent may file a reply by June 16,
20 2008.
21      **ii) Second Option: Voluntarily Dismiss the Petition**
22      Petitioner may move to voluntarily dismiss his entire federal petition and return to state
23 court to exhaust his unexhausted claim. Petitioner may then file a new federal petition
24 containing only exhausted claims. See Rose, 455 U.S. at 510, 520-21 (stating that a petitioner
25 who files a mixed petition may dismiss his petition to "return[] to state court to exhaust his
26 claims"). If Petitioner chooses this second option, he must file a pleading with this Court no later
27 than
28 June 2, 2008. Respondent may file a reply by June 16, 2008.
     Petitioner is cautioned that any new federal petition must be filed before expiration of the

1 one-year statute of limitations. Ordinarily, a petitioner has one year from when his conviction
2 became final to file his federal petition, unless he can show that statutory or equitable "tolling"
3 applies. Duncan v. Walker, 533 U.S. 167, 176 (2001); 28 U.S.C. § 2244(d).[2] Filing a petition
4 in federal court does not stop the statute of limitations from running. Id. at 181-82; Frye v.
5 Hickman, 273 F.3d 1144, 1145-46 (9th Cir. 2001); 28 U.S.C. § 2244(d).

### iv) Third Option: File a Motion to Stay the Federal Proceedings

Petitioner may file a motion to stay this federal proceeding while he returns to state court to exhaust his unexhausted claim. Rhines v. Webber, 544 U.S. 269 (2005); Jackson v. Roe, 425 F.3d 654 (9th Cir. 2005). If Petitioner chooses this third option, he must file a pleading with this Court no later than June 2, 2008. Respondent may file a reply by June 16, 2008.

### CONCLUSION

The Court **NOTIFIES PETITIONER THAT HE HAS FILED A PETITION THAT CONTAINS BOTH EXHAUSTED AND UNEXHAUSTED CLAIMS AND IT IS THEREFORE SUBJECT TO DISMISSAL**. If Petitioner fails to respond to this Order, the Court will recommend to the District Judge assigned to this case that the Petition be dismissed

\\
\\
\\
\\

---

[2] 28 U.S.C. § 2244 (d) provides:
(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgement or claim is pending shall not be counted toward any period of limitation under this subsection.

1  without prejudice.[3]  See Rose, 455 U.S. at 522.

2      **IT IS SO ORDERED.**

4  DATED:  April 30, 2008

                              Hon. Leo S. Papas
                              U.S. Magistrate Judge

---

[3] Although the dismissal is "without prejudice," Petitioner is again cautioned that any later federal petition may be barred by the statute of limitations.  See 28 U.S.C. § 2244(d)(1)-(2); see also footnote two of this Order.