UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTOR PARRA,<br><br>             Petitioner,<br>v.<br><br>JAMES TILTON, Warden,<br><br>             Respondent. | Civil No. 08-0472-J(LSP)<br><br>ORDER GRANTING PETITIONER'S MOTION TO HOLD FEDERAL HABEAS PETITION IN ABEYANCE<br>(Doc. #12) |

    On March 13, 2008, Petitioner Victor Parra ("Petitioner"), a state prisoner proceeding *pro se*, filed a Petition for Writ of Habeas Corpus. On April 28, 2008, Respondent filed an Answer to the Petition. On May 29, 2008, Petitioner filed a Motion for Stay and Abeyance ("Motion to Stay & Abey") that is now pending before the Court. Respondent does not oppose the Motion.

    Petitioner's Motion seeks an order staying the proceedings so he can exhaust his state court remedies as to claim no. 1 in the Petition.  Respondent does not oppose the Motion. Instead, Respondent advocates that Petitioner should be required to return to state court to exhaust claim no. 1 in light of the United States Supreme Court's

decision in *Cunningham v. California* __U.S.__, 127 SCt. 856 (2007)[1] (Points & Authorities in Support of Answer at 5-7)

For the reasons outlined below, the Court GRANTS Petitioner's Motion to Stay & Abey.

I.

Exhaustion

The exhaustion of available state remedies is a prerequisite to a federal court's consideration of claims presented in a habeas corpus proceeding. 28 U.S.C.A. § 2254(b) *Rose v. Lundy*, 455 U.S. 509, 522 (1982). In *Rose v. Lundy*, the Supreme Court held "a district court must dismiss habeas petitions containing both unexhausted and exhausted claims." *Id.* Such a dismissal leaves "the prisoner with the choice of returning to state court to exhaust his claims or of amending or resubmitting the habeas petition to present only exhausted claims to the district court." *Id.* at 510.

Petitioner's Petition contains both exhausted and unexhausted claims. (Points & Authorities in Support of Motion to Stay & Abey at 1-2) Petitioner's claim no. 1 actually states two claims, one of which is exhausted and one of which is unexhausted. In claim no. 1, Petitioner asserts that he was denied his constitutional right to have a jury determine all facts essential to his sentence. This type of claim was specifically addressed in *Apprendi v. New Jersey* 530 U.S. 466 (2000)[2] and *Cunningham*, supra, a decision that was issued after

---

[1] Cunningham holds that California's sentencing scheme violates the Sixth Amendment to the extent it permits a judge to impose an upper sentencing term based on facts not found by a jury beyond a reasonable doubt or admitted by a defendant. Cunningham, supra, at 868.

[2] Apprendi holds that a defendant's Fourteenth Amendment right to due process and Sixth Amendment right to a jury trial requires that "other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed maximum must be submitted to a jury and proved beyond a reasonable

Petitioner's conviction became final. Petitioner's *Apprendi* claim was presented to the California Supreme Court. (Respondent's Lodgment No. 4 at 15-17) Therefore, the claim is exhausted. However, Petitioner's *Cunningham* claim was not, and could not have been, presented to the California Supreme Court. Therefore, Petitioner's *Cunningham* claim is unexhausted.

## II

### Stay and Abeyance

When *Rose v. Lundy* was decided, there was no statute of limitations for filing a federal habeas corpus petition; after exhausting claims in state court, a petitioner could return to federal court "with relative ease." *Rhines v. Weber*, 544 U.S. 269, 125 S.Ct 1528, 1533 (2005). However, AEDPA changed many aspects of federal habeas corpus proceedings, including the application of the one-year statute of limitations for bringing a habeas corpus petition in federal court, which is set forth in 28 U.S.C. §2244(d). In *Rhines*, the Supreme Court recognized petitioners can effectively be denied the opportunity for collateral review in federal court "[a]s a result of the interplay between AEDPA's 1-year statute of limitations and *[Rose v.] Lundy*'s dismissal requirement." *Rhines*, 125 S.Ct. at 1533-1534. Therefore, the Rhines court held that federal courts have discretion to stay mixed petitions and to hold habeas proceedings in abeyance while the petitioner returns to state court to exhaust all claims. *Id*. at 1534-1535.

The *Rhines* court also held that stay and abeyance "should be available only in limited circumstances." *Id.* at 1535. If employed too often, the procedure could undermine the purposes of AEDPA,

---

doubt.." <u>Apprendi</u> 530 U.S. at 490

namely, to reduce delay and streamline federal habeas corpus proceedings. *Id.* at 1535. In this regard, the Supreme Court stated "it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id.*

<u>Good Cause</u>

Petitioner argues that he had good cause for his failure to exhaust his unexhausted claim because *Cunningham* was decided after his conviction became final. Therefore, the state courts should address his claim in light of *Cunningham*. Respondent does not dispute Petitioner's argument.

<u>Claim is Potentially Meritorious</u>

Petitioner's claim is potentially meritorious. Specifically, *Cunningham* addresses the same issue raised by Petitioner and the state courts have not had the opportunity to address Petitioner's claim in light of *Cunningham*.

<u>Intentionally Dilatory Litigation Tactics</u>

It does not appear that Petitioner's raising of his unexhausted claim at this time is the result of dilatory litigation tactics.

The Supreme Court in *Rhines* did not define "good cause," but did acknowledge AEDPA's one-year statute of limitations "'serves the well-recognized interest in the finality of state court judgments'" because it "'reduces the potential for delay on the road to finality by restricting the time that a prospective federal habeas petitioner has in which to seek federal habeas review.'" *Rhines* 125 S.Ct. at 1534, quoting *Duncan v. Walker*, 533 U.S. 167, 179 (2001). The Supreme Court

also suggested a broad definition of "good cause" would be contrary to AEDPA because it would not "be compatible with AEDPA's purposes." *Id.* at 1534.

In a decision issued shortly after *Rhines*, the Supreme Court *in dicta* addressed one circumstance which would qualify as "good cause" for failing to exhaust state court remedies before a federal petition is filed. In *Pace v. DiGuglielmo*, 125 S.Ct. 1807, 1810-1811 (2005), the Supreme Court resolved a split among the circuits as to the application of section 2244(d)(2), which tolls AEDPA's one-year statute of limitations while a "properly filed application for State post-conviction or other collateral review" is pending. 28 U.S.C. 2244(d)(2) In *Pace*, the court held that an application for state post-conviction relief is not "properly filed" for purposes of section 2244(d)(2) if it is considered untimely under state law. *Id.* at 1810. In reaching its decision, the *Pace* court addressed a fairness argument by the petitioner who claimed a "petitioner trying in good faith to exhaust state remedies may litigate in state court for years only to find out at the end that he was never 'properly filed,'and thus that his federal habeas petition is time barred." *Id.* at 1813 Citing its prior decision in *Rhines*, the Supreme Court responded to the petitioner's argument as follows: "A prisoner seeking state post-conviction relief might avoid this predicament, however, by filing a 'protective' petition in federal court and asking the federal court to stay and abey the federal habeas proceedings until state remedies are exhausted.

Following the Supreme Court's decision in *Rhines*, the Ninth Circuit held the "good cause" standard prescribed by *Rhines* is less stringent than the "extraordinary circumstances" standard, which the Ninth Circuit

applies in the context of equitable tolling of AEDPA's one-year statute of limitations. *Jackson v. Roe* 425 F.3d 654, 661-662 (9th Cir. 2005). "[E]quitable tolling of AEDPA's one-year statute of limitation is available . . . only when 'extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time.'" *Espinoza-Matthews v. California*, 432 F.3d 1021, 1026 (9th Cir. 2005), quoting *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003). "That determination is 'highly fact-dependent'" and the petitioner "'bears the burden of showing that equitable tolling is appropriate.'" *Id.* quoting *Gaston v. Palmer*, 417 F.3d 1030, 1034 (9th Cir. 2005) and *Whalem/Hunt v. Early*, 233 F.3d 1146, 1148 (9th Cir. 2000) (*en banc per curiam*). For example, "extraordinary circumstances" exist where a habeas petitioner is denied access to legal materials for a significant period of time. *Espinoza-Matthews*, 432 F.3d at 1027-1028; *Lott v. Mueller*, 304 F.3d 918, 921-925 (9th Cir. 2002).

District courts interpreting the *Rhines* "good cause" standard have taken markedly different approaches. Despite the Ninth Circuit's endorsement of a lenient standard in *Jackson*, some district courts in the Ninth Circuit have applied a more stringent standard, finding "it appropriate to look to procedural default case law for guidance in determining whether petitioner has demonstrated the requisite 'good cause' for failing to exhaust . . . unexhausted claims prior to filing [a federal] habeas action." *Hernandez v. Sullivan*, 397 F.Supp.2d 1205, 1207 (C.D. Cal. 2005). For example, in *Johnson v. Sullivan* 2006 WL 37037 (C.D. Cal. Jan. 4, 2006), petitioner argued that he had "good cause" for his failure to exhaust because his appellate counsel was ineffective on direct appeal and because he did not know the claim was unexhausted when he filed his federal petition. *Id.* at *2. The

district court rejected the Ninth Circuit's conclusion in *Jackson* that "good cause" is less stringent than the "extraordinary circumstances" standard applied to determine whether a petitioner is entitled to equitable tolling of the statute of limitations. *Id.* at *3 n.4. Instead, the district court concluded "the good cause standard for failure to exhaust may be analogized to the 'cause' required to overcome a procedural bar." *Id.* at *3. In the procedural default context, "'cause' usually means some objective factor external to the petitioner which gave rise to the default." *Id.* at *3. Under this more stringent standard, the district court concluded the petitioner had not established good cause for failing to exhaust his state court remedies. The district court reasoned that an error by appellate counsel on a discretionary appeal was not enough to establish good cause because "counsel's conduct did not prevent petitioner from seeking state habeas relief on the unexhausted claim." *Id.* at *3. The district court also concluded the petitioner's lack of knowledge was "not an objective factor external to petitioner which prevented compliance with the exhaustion requirement." *Id.* at *3. To justify its reliance on a more stringent standard than the one set forth by the Ninth Circuit in *Jackson v. Roe*, the district court reasoned it would defeat the purpose of exhaustion if a petitioner's "lack of knowledge" could establish "good cause" because "any petitioner could claim lack of knowledge to continually amend their petition." *Id.* at *3.

Another court has opined that "good cause" should be determined by alluding to "excusable neglect," noted in *Pioneer Inv. Services v. Brunswick Assoc.* 507 U.S. 394 (1993). *Corjasso v. Ayers* 2006 WL 618380 (E.D. Cal. March 9, 2006) The *Corjasso* court indicated that it would look to factors such as prejudice to the non-moving party, length of the

delay and its effect on efficient court administration, whether the delay was caused by factors beyond the control of the movant, and good faith. *Id.* at *1

In other contexts, the Ninth Circuit has held "good cause" requires a showing of diligence. *Zivkovic v. Southern California Edison Co.*, 302 F.3d 1080, 1087-1088 (9th Cir. 2002); *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294-1295 (9th Cir. 2000); *United States v. Te Selle*, 34 F.3d 909, 910 -911 (9th Cir. 1994); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir.1992); *Fimbres v. United States*, 833 F.2d 138, 139 (9th Cir. 1987); *Townsel v. Contra Costa County*, 820 F.2d 319, 320-321 (9th Cir.1987); *Wei v. State of Hawaii*, 763 F.2d 370, 372 (9th Cir.1985). "[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Johnson*, 975 F.2d at 609, citing *Engleson v. Burlington Northern R.R. Co.,* 972 F.2d 1038, 1043 (9th Cir.1992). Ignorance of the law and inadvertent failure to calendar a deadline have also been found incompatible with diligence and good cause. *Townsel*, 820 F.2d at 320-321; *Wei*, 763 F.2d at 372.

In this case, Petitioner requests that the Court hold his Petition in abeyance while he returns to state court in order to exhaust his state remedies for a claim that was not presented to the state courts because the law that applies to his unexhausted claim was decided by the U.S. Supreme Court after his conviction became final. However, the Ninth Circuit has not decided whether the good cause standard stated in *Rhines* or the standard established in *Calderon v. U.S. District Court (Taylor)*134 F.3d 981, 988, n.11 (9th Cir. 1988) *cert. denied* 525 U.S. 920 (1998) applies to a case where a petitioner seeks to litigate a new unexhausted claim in state court, while his exhausted petition is pending in federal court.

The Ninth Circuit has noted that *Rhines* and *Taylor* apply to different types of petitions: "*Rhines* applies to stays of *mixed* petitions, whereas (*Taylor*) applies to stays of *fully exhausted* petitions and requires additional steps - the amendment of the original...petition and an...amendment to add the newly exhausted claims." *Jackson* 425 F.3d at 661.

In this case, Petitioner's Petition is a mixed petition in that it contains one exhausted claim and one unexhausted claim. Therefore, *Rhines* applies in this case.

*Rhines* indicates that it applies to the question of whether a district court has discretion to stay a *mixed* petition to allow the petitioner to present his unexhausted claims to the state court, and then return to federal court for review of the completely exhausted petition. *Rhines* 125 S.Ct. at 1531.

In *Riner v. Crawford*, 415 F.Supp 2d 1207 (D. Nev. 2006), the court held that the *Rhines* good cause standard applicable in consideration of a petitioner's request for stay and abeyance of his federal habeas petition

> requires the petitioner to show that he was prevented from raising the claim, *either by* his own ignorance or confusion about the law or the status of his case, by circumstances over which he had no control, such as actions by counsel, either in contravention of the petitioner's clearly expressed desire to raise the claim, or when *petitioner had no knowledge of the claim*'s existence.

*Riner* 415 F. Supp. at 1211 (emphasis added)

See also *Franck v. Hubbard* 2008 WL 755925 (S.D. Cal. Mar. 18, 2008), *Lewis v. Dexter* 2008 WL 901457 (C.D. Cal. Mar. 27, 2008), *Haithcock v. Veal* 2007 WL 935471 *(*S.D. Cal. Mar. 19, 2007*)*; *Leonardos v. Buddress* 2007 WL 1174282 *(*N.D. Cal. Apr. 19, 2007), *Medina v. Woodford* 2006 WL 2844578 (N.D. Cal. Oct. 2, 2006)

1    Petitioner has shown a legitimate reason that warrants the delay of
2 the proceedings in this Court while he exhausts his *Cunningham* claim in
3 state court. *Cunningham*, a United States Supreme Court decision, was
4 decided after Petitioner's conviction became final. The precise issue
5 raised by Petitioner pending before this Court is directly addressed by
6 *Cunningham*. In fact, the California Supreme Court denied Petitioner's
7 Petition for Review "without prejudice to any relief to which
8 (Petitioner) might be entitled after the United States Supreme Court
9 determines Cunningham v. California..." (Respondent's Lodgment No. 5)
10   The Ninth Circuit has held that a federal court may deny an
11 unexhausted claim on the merits only when it is perfectly clear that the
12 petitioner does not raise even a colorable federal claim. *Cassett v.
13 Stewart* 406 F.3d 614, 624 (9th Cir. 2005) Therefore, if a petitioner
14 states a colorable claim, the claim is not plainly meritless. Here,
15 since Petitioner's claim appears to be at least "colorable," it is not
16 plainly meritless under *Rhines'* second prong. *Lugo v. Kirkland* 2006 WL
17 449130 (N.D. Cal. Feb. 22, 2006) at *4
18   Consequently, the Court concludes that Petitioner has shown good
19 cause for his failure to exhaust his newly discovered claim. As a
20 result, there is no reason not to stay this action while Petitioner
21 exhausts his new claim. *Lugo* at *4, *Briscoe* at *1-2
22    Therefore, Petitioner's Motion to Stay and Abey his Petition
23 for Writ of Habeas Corpus is GRANTED.
24   The Petition for Writ of Habeas Corpus is stayed until <u>December 5,
25 2008</u>.
26   Within 30 days of the date of this Order, Petitioner shall file a
27 Petition for Writ of Habeas Corpus in the appropriate state court. The
28 Petition for Writ of Habeas Corpus shall include the new unexhausted

claim. Petitioner shall provide to this Court proof that the Petition for Writ of Habeas Corpus was filed in the state court. If Petitioner does not file a Petition for Writ of Habeas Corpus in the appropriate state court within 30 days of the date of this Order, Petitioner shall file with the Court a declaration explaining why such Petition was not filed.

Within 30 days after the state court has ruled on the Petition for Writ of Habeas Corpus and the new unexhausted claim is exhausted, Petitioner shall file an Second Amended Petition for Writ of Habeas Corpus in this Court containing his new claim. Petitioner shall provide to the Court proof of when the California Supreme Court rules on his new claim.

Petitioner shall provide to the Court monthly reports regarding the status of his petition(s) filed in the state courts.

## CONCLUSION

The Court, having reviewed the Petition, Petitioner's Motion to Stay and Abey, Respondent's Answer to the Petition, and the pertinent authorities pertaining to the Motion, and GOOD CAUSE APPEARING, hereby

\\
\\
\\
\\
\\
\\
\\
\\
\\

1  GRANTS Petitioner's Motion to Stay and Abey.

7  DATED:  June 5, 2008

Hon. Leo S. Papas
U.S. Magistrate Judge