PARRA VICTOR
CDC No. P-58682
P.O. Box. 799002
San Diego CA. 92179
In pro se

FILED
2008 AUG 19 AM 8:04
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY_____ DEPUTY

NUNC PRO TUNC
AUG 15 2008

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

VICTOR PARRA
    Petitioner
V.
JAMES TILTON, Warden, et al.,
    Respondents

Case No. 08CV0472 J (LSP)

RESPONSE TO AMENDED ANSWER PURSUANT TO ORDER OF THE COURT WITH MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Petitioner's claim contends that he was denied his constitutional right to have a jury determine beyond a reasonable doubt all of the facts legally essential to his sentence because the state trial court imposed the upper term for his battery conviction in a manner contrary to United States Supreme Court precedent as anounced in Blakely V. Washington (2004) 524 U.S. 296, 124 S.Ct. 2531, and eco in Cunningham V. California 549 U.S. 270, 127 S.Ct. 856 (2007) which struck down California's determinate sentencing law. (Petition at 7-8).

On June 12, 2008, the Court order an amended answer to address whether a stay in this case is necessary or appropiate in light of Butler V. Curry, __F.3d __, No. 07-56204 (9th Cir. June 9, 2008) 2008 WL 2331440. As the following demonstrates, a stay is not necessary or appropiate, and the petition should be granted.

1.

**A. A Stay is not Necessary or appropiate in light of Butler V. Curry**

On June 9th, the Ninth Circuit held the Cunningham decision was "clearly dictated" by prior United States Supreme Court decisions, such as Apprendi V. New Jersey, 530 U.S. 466, 120 S.Ct. 2348 (2000) and Blakely V. Washington, 542 U.S. 296, 124 S.Ct. 2531 (2004) Butler V. Curry, 528 F.3d at 634-35. Cunningham "simply applied" the rule of Blakely to California's sentencing scheme. Id at 636. As a result, it did not announce a new rule of constitutional law and may be retroactively applied. Id at 639. And because Cunningham did not announce a "new rule" the Ninth Circuit also determined that a petitioner need not return to state court in order to exhaust this claim.

In light of Butler, there is no need to stay the proceedings.

**B. The State Court applied an Unreasonable law to the facts of Petitioners Claim which resulted in error under AEDPA And had Injurious Effect to his sentence [1]**

Because the present petition was filed after April 24, 1996 the provisions of the Antiterrorism and Effective Death Penalty Act apply to the petition. see. Fields v. Brown, 503 F.3d 755, 763 (9th Cir. 2007) (en banc), cert. denied __ U.S. __ 128 S.Ct. 1875 (2008). under the Antiterrorism and Effective Death Penalty Act (AEDPA) Habeas relief cannot be granted unless the State court's decision in this case was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. Section 2254(d)(1). Supreme Court precedent that "qualify as an old rule under Teague V. Lane, 489 U.S. 288, 109 S.Ct. 1060 (1989) constitute 'clearly established Federal law'" within the meaning of AEDPA. Williams V. Taylor, 529 U.S. 362, 412, 120 S.Ct. 1495 (2000). Petitioners sixth amendment rights were

---

[1] The court requested the amended answer also address arguments pertaining to the tolling of the statute of limitations. Petitioner agrees with the assesment of the timeliness of the petition as perform by respondent at amended answer and memorandum of points and authorities at 2-3 Footnote 2.

2.

clearly established when his conviction became final. under Apprendi and Blakely.

"A state court decision is contrary to clearly established federal law if the state court applies a rule that contradicts the governing law set forth by the Supreme Court or arrives at a different result when confronted by a set of facts that are materially indistinguishable from a decision of the Supreme Court." Sims v. Rowland, 414 F.3d 1148, 1151 (9th Cir. 2005)(citing Williams v. Taylor, 529 U.S. at 405-06, 120 S.Ct. 1495). An unreasonable application of federal law results when a state court "applies [Supreme Court] precedents to the facts in an objectively unreasonable manner," or unreasonably fails "to extend the holding or legal principles of a Supreme Court decision to a situation in which it should have controlled." Id at 1152 (internal quotation marks omitted).

In reviewing a state court decision under Section 2254(d)(1), the court "look to the last reason decision of the state court as the basis of the state court's judgment." Polk v. Sandoval, 503 F.3d 903, 909 (9th Cir. 2007). The California Court of Appeal issued the last reasoned state court decision when it rejected petitioner's direct appeal. In denying petitioners challenge to his sentence, the California Court of Appeal relied entirely on the reasoning of the California Supreme Court in Black I.[1] To determine whether the AEDPA requirements have been met the reasoning of the California Supreme Court in Black I is there fore at issue.

In Butler v. Curry 528 F.3d 624 at 640-641. The Ninth circuit held that the reasoning in Black I, was "contrary" to clearly established Supreme Court precedent Having held that the requirements of AEDPA have been met, the court must now determine whether there has been a constitutional violation. See Frantz v. Hazey, 513 F.3d 1002, 1013 (9th Cir. 2008)(en banc)(holding that, "When 'the requirement set forth in section 2254(d)(1) is satisfied, a federal court must then resolve the constitutional claim without the deference AEDPA otherwise requires'")(quoting Panetti v. Quarterman _U.S._ 127 S.Ct. 2842, 2858 (2007)).

This Court then must engage in a denovo review.

---

[1] People v. Black (2005)(35 Cal. 4th 1238)

## II MERIT OF PETITION

Analisys; Whether Petitioners Sentence Violates the Sixth Amendment.

Under the sixth Amendment standard, the State Court's decision to uphold Petitioners upper term sentence constituted error because the sentence was based in factual findings made by the judge alone. In particular the court found three aggravating factors: That California Rules of Court (Cal.R.Crt) 4.421(a)(1) The crime involved great violence and great bodily harm; 4.421(b)(1) Defendant has engaged in violent conduct which indicate a serious danger to society; and 4.421(b)(2) Defendants prior conviction as an adult or sustained petitions in juvenile delinquency proceedings are numerous or increasing in seriousness. (5RT at 404) These factual findings were made by the judge alone, based on the preponderance of the evidence standard ((Cal.R.Crt) 4.420(b); Evid.Code.Section 664) Id. and violate the sixth amendment as stated in Apprendi.

The Ninth Circuit in Butler V. Curry, 528 F.3d 624 (9th Cir. 2008) held that "Under California law, only one aggravating factor is necessary to set the upper term as the maximum sentence" Id at 642-643 N[18][19] However it also held that aggravating factors have to be stablished in a manner consistent with the sixth Amendment Id.

### 1. Prior Conviction Exception.

Whether petitioner had prior convictions was initially an enhancement allegation presented to the jury. The State presented as evidence an alleged Abstract of Judgment see (Clerk Transcripts (CT) at 153). Petitioner challenged its accuracy and reliability. The documents presented by the state were not properly authenticated and found inadmissible by the trial Court. As a result the jury and the judge were never privi to find whether petitioner suffered a prior conviction (4RT 323-29) Never theless the Court's finding of two prior serious and violent felony convictions at the time of sentence (5RT 404) were done without reliable "Prior judicial record" of conviction,

There was no "prior judicial record" of petitioners alleged convictions abailable neither to the state or the court. The state submitted their case for sentencing on the probation report (5 RT 403 par. 20) so did the court (5RT 403 par 24 and p.404) The probation report alleges a conviction at Delano CA. of 187 2nd Degree sentence to 21 years to life prison

4.

(CT at 145 to 151 at 147) and Indio CA. 187nd Degree sentence 180[month] prison, which are not only inacurate but a complete misrepresentation of any abstract of judgement judicialy created.

    Respondent alleges citing Cuningham 127 S.Ct. at 860, 868, as the Court there continue to recognize as in prior cases have a narrow exception that selection of a sentence based on a defendants prior convictions does not violate the Six Amendment, (Amended Answer (AA) at 4-5) accord Blakely, 542 U.S. at 301; Apprendi, 530 U.S. at 490; Almendarez-Torres, 523 U.S. 224. This losing argument was rejected by the Butler Court. Stating that "subsequent sentencing cases ... have substantially undermined the basis for this conclusion." Distinguishing Almendarez-Torres, Id 528 F.3d at 643 n[20] "Apprendi characterized the "prior conviction" exception as at best "an exceptional departure from" historic sentencing practices, 530 U.S. at 487, 120 S.Ct. 2348" Id "... and that a logical application of our reasoning today should apply if the recidivist issue were contested" (Citations Omitted) Id. Petitioner contested the recidivism and prior conviction factor at trial (4 RT 223-29) and he does so today. Any prior judicial record establishing a prior conviction is not before the court to examine. just like in Butler 528 F.3d at 651 n[28].

    The Butler Court established three prerequisites for applying the Almendarez-Torres exception. First, "[T]he fact of a prior conviction is the only fact that both increases a penalty beyond the statutory maximum and can be found by a sentencing court" citing United States v. Covian-Sandoval, 462 F.3d 1090, 1097-98 (9th Cir. 2006) at 1097. Second, the narrow prior conviction exception applies only to facts directly reflected in the documents of conviction. not secondary "facts that are derived or inferred" from a prior conviction or from the conviction documents. citing United States v. Kortgaard, 425 F.3d 602, 610 (9th Cir. 2005) at 610. Third, as the prior conviction exception is justified by the reliability of court documents created as part of a process with sixth Amendment safeguards, it does not extend to facts that may be proven only by reference to documents that were not developed as a result of such a process. citing Covian-Sandoval, 462 F.3d at 1097-98. United States v. Tighe, 266 F.3d 1187, (9th Cir. 2001) at 1195. Butler at 645 n[21].

Applying these established principles to the determination of petitioners alleged prior convictions do not come within the narrow prior conviction exception. because First, there is no "Prior judicial record" of conviction in this case see Shepard v. United States, 544 U.S. 13, 27-28, 125 S.Ct. 1254 (2005). Second, the sentencing court assumed that petitioners status as a prisoner stablished past crimes, recidivism and prior convictions (5RT 403-404) Kortgaard, 425 F.3d 602, supra. Third, because the state and the sentencing court relied on the provation report (5RT, 403-404) report at (CT. 145-151) in consideration to establish prior convictions as an agravating factor not on the "prior judicial record" of conviction required by Covian-Sandoval, supra.

Therefore aggravating factors pursuant to Cal. R. Crt. 4.421(b)(1) and (b)(2) based on prior convictions decided by the judge without submitting it to a jury violated petitioners sixth and Fourteenth Amendment rights stablished by Apprendi and Blakely.

2. Whether the crime involve great bodily harm

The third aggravating factor found by the court pursuant to Cal. R. Crt. 4.421(a)(1) "The crime involved great violence and great bodily harm" (5RT at 404 par. 2-5) at Trial officer Biondo testified that he was wearing a puncture proof vest and under it a stack of job-descriptions, when asked if he had any marks or bruise in his chest he said he did not "... because I had such a thick pad of paper in my upper part of my uniform." (3RT 117-118) A jury properly instructed in California Law and applaying a reasonable doubt standard could well have found that there was no great bodily harm. The Court commited Apprendi error by not submitting to the jury to decide the aggravating factors that raise the statutory maximum

As outlined by the Butler court, the Six Amendment was violated when the Maximum possible term was raised based on facts other that a prior conviction, that were not admitted or proved to a jury beyond reasonable doubt. Id at 647.

3. Whether the error was harmless.

Petitioner is entitle to relief only if the sentencing error in his case is not harmless see. Whashington V. Recuenco, 548 U.S. 212, 126 S.Ct. 2546. 2552 (2006) (holding that sentencing errors are subject to harmless error analisis) Applying Brecht V.

6.

Abrahamson, 507 U.S. 619, 113 S.Ct. 1710 (1993) and Butler 528 F.3d at 649-650

The sentencing court comitted error on two aggravating factors (Cal.R.Crt) 4.421 (b)(1) and (b)(2) because they were based on a petitioner status as a prisoner and the court asumed the prior convictions stated at the provation report were true. had these alleged prior convictions of 187nd at Delano CA. carring 21 years to life and conviction at Indio CA. of 187 2nd carring a sentence of 18 months been submitted to a jury, the jury would have found them not true because petitioner has never been tryed at Delano county, he is not serving a 21 years sentence and a 187 2nd conviction does not carry 18 months and neither is petitioner serving such a sentence verifiable by any document judicialy created. there is no doubt a jury would have not concluded beyond reasonable doubt that these aggraavating factors were true.

With regard to the aggravating factors (Crt.R.)4.421(a)(1) whether the crime involved great bodily harm. The alleged victim himself testified "..[he had] such a thick pad of paper in my upper uniform" not even a bruce was inflicted upon him. a jury properly instructed in California law would no doubt found beyond reasonable doubt this aggravating factor not true.

Failure of the sentencing court in finding the aggravating factor and three of them not beyond reasonable doubt but upon preponderance of the evidence constituted apprendi error. and based on the abailable evidence the error was there fore not harmless but had injurious effect on petitioners sentence. see Butler 528 F.3d 650-651 citing Oneal V. McAninch, 513 U.S. 432, 436, 115 S.Ct. 992 (1995) at 513 U.S. 445, 115 S.Ct. 992 (citation omitted).

## CONCLUSION

For the forgoing reasons the court should grant Habeas Corpus relief and reduce plaintiff sentence.

Dated:

7.

# VERIFICATION

**STATE OF CALIFORNIA**
**COUNTY OF** SAN DIEGO

Case No. 08CV0472 J (LSP)

(C.C.P. SEC.446 & 201.5; 28 U.S.C. SEC. 1746)

I, Victor Parra, DECLARE UNDER PENALTY OF PERJURY THAT: I AM THE Petitioner IN THE ABOVE ENTITLED ACTION; I HAVE READ THE FOREGOING DOCUMENTS AND KNOW THE CONTENTS THEREOF AND THE SAME IS TRUE OF MY OWN KNOWLEDGE, EXCEPT AS TO MATTERS STATED THEREIN UPON INFORMATION, AND BELIEF, AND AS TO THOSE MATTERS, I BELIEVE THEM TO BE TRUE.

EXECUTED THIS 11 DAY OF: August, 2008 AT Richard J. Donovan Correctional Facility. 480 Alta Road, San Diego CA. 92179-9002

(SIGNATURE) Victor Parra
(DECLARANT/PRISONER)

## PROOF OF SERVICE BY MAIL

(C.C.P. SEC.1013 (a) & 2015.5; 28 U.S.C. SEC.1746)

I, VICTOR PARRA, AM A RESIDENT OF Richard J. Donovan, Corr. Fac. San Diego County, STATE OF CALIFORNIA. I AM OVER THE AGE OF EIGHTEEN (18) YEARS OF AGE AND AM NOT A PARTY OF THE ABOVE-ENTITLED ACTION. MY STATE PRISON ADDRESS IS: P.O. BOX, 799002, San Diego CA. 92179

ON August 11, 2008 I SERVED THE FOREGOING: Response to Amended Answer pursuant to Order of the Court with Memorandum of points and Authorities

(SET FORTH EXACT TITLE OF DOCUMENTS SERVED)

ON THE PARTY (S) HEREIN BY PLACING A TRUE COPY (S) THEREOF, ENCLOSED IN A SEALED ENVELOPE (S), WITH POSTAGE THEREON FULLY PAID, IN THE UNITED STATES MAIL, IN A DEPOSIT BOX SO PROVIDED AT 480 Alta Road, San Diego CA. 92179-9002

(To the Clerk)
U.S. District Court
Southern District of California
880 Front street, Suite 4290
San Diego CA. 92179 92101-8900

Bradley A. Weinreb
Deputy Attorney General
110 West A. Street, Suite 1100
San Diego CA. 92101
P.O. Box. 85266
San Diego CA. 92186-5266

THERE IS DELIVERY SERVICE BY UNITED STATES MAIL AT THE PLACE SO ADDRESSED, AND THERE IS REGULAR COMMUNICATION BY MAIL BETWEEN THE PLACE OF MAILING AND THE PLACE SO ADDRESSED. I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

DATE: August 11, 2008

Victor Parra.
(DECLARANT/PRISONER)

8